## Abramovitz, Appellant, *v.* Krull.

*Trespass—Damages for improper levy and sale—Act of March 28, 1905, P. L. 62, (Bulk Sales Act)—Notice—Nonsuit—Question for jury.*

In an action of trespass to recover damages sustained by the plaintiff in consequence of an improper levy and sheriff's sale of his goods, the defense was that the plaintiff, a purchaser of certain goods in bulk, had not complied with the provisions of the Act of March 28, 1905, P. L. 62, (Bulk Sales Act) in giving notice to the defendant who was one of the creditors of the original vendor. No evidence was produced to show that the defendant was a creditor at the time of the sale or that any of the other creditors were complaining. Under such circumstances the case was for the jury and the entry of judgment of nonsuit constituted reversible error.

The fact that other creditors had not received notice did not avail the defendant, if they afterwards confirmed the sale by accepting the amounts due them, and the defendant would not be relieved from liability by the omission of the plaintiff to give such notice to creditors, who were not then complaining.

The intentional and wilful omission of the name of one of his creditors by one who sells his property in bulk, in answer to the purchaser's inquiry for a list of his creditors, will render the seller liable for the penalties provided in the second section of the Act of March 28, 1905, P. L. 62, but such conduct will not subject the merchandise purchased to execution process, at the instance of an undisclosed creditor.

Argued November 21, 1919. Appeal, No. 176, Oct. T., 1919, by plaintiff, from judgment of Municipal Court of Philadelphia, December T., 1918, No. 679, refusing to

strike off nonsuit in the case of Isadore Abramovitz, Appellant, v. Charles A. Krull.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Reversed.

Trespass to recover damages for improper levy and sale.   Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was the order of the court.

*B. D. Oliensis,* and with him *Oscar Rosenbaum,* for appellant.

*Maurice G. Weinberg,* for appellee.

OPINION ·BY HENDERSON, J., February 28, 1920:

The plaintiff's action was trespass against the defendant for selling the goods and fixtures owned by the plaintiff in a cigar and confectionary store carried on by him in Philadelphia.   Part of the property levied on and sold had been purchased from one, Harry Garden, who had theretofore carried on business in the same place.   Other fixtures and merchandise levied on were bought by the plaintiff between the time he took possession of the store and the time of the levy.   The property was seized on execution issued by the defendant against Garden.   There was evidence that the plaintiff was in possession of the store from the time of his purchase in June until the latter part of December when the sheriff's sale took place.   It was also proved that the defendant had notice of the plaintiff's title.   The property was bought in by a clerk of the plaintiff's who paid the sheriff from her own funds and afterwards transferred her title to the plaintiff.   Such was the case shown by the evidence pre-

sented in behalf of the plaintiff. At the close of the evidence, the defendant's counsel made a motion for a nonsuit which was granted by the court. No opinion was filed and we are, therefore, uninformed as to the reason for that action except as it may be inferred from the argument of the appellee's counsel. The plaintiff, apparently in anticipation of any defense which might be introduced, set forth in his statement of claim the source of his title to a part of the property, to wit: the portion purchased from Harry Garden and in that connection declared he had complied with the provisions of the Act of March 28, 1905, P. L. 62, known as the Bulk Sales Act, and that he had published an advertisement in the Morning Ledger on June 14, June 15, and June 17, 1918, announcing the fact that he had bought the store and notifying the creditors of Garden to present their bills to Berger & Smith by whom payment was to be made. The argument for the appellee rests on the contention that the plaintiff had not in fact complied with the act referred to in that he had not given five days' notice to the creditors of Garden that he was about to buy the store. The evidence on the subject was that Garden furnished a list of his creditors to the plaintiff and that all of these creditors were paid off. The name of the defendant did not appear on the list furnished and there was no evidence that the plaintiff had any knowledge of a claim by the defendant against Garden. As the record is presented, the action of the court cannot be sustained for different reasons: (1) Several of the articles levied on and sold never had belonged to Garden and were not subject to seizure for his debts. (2) The evidence does not show that the defendant was a creditor of Garden at the time the sale was made by the latter to the plaintiff. (3) The fact that the plaintiff did not give notice personally to the creditors of Garden whose names were given to him would not make the sale void as to them for the reason that they affirmed the sale by accepting the amounts due them and on the principle

stated in Ritter v. Wray, 45 Pa. Superior Ct. 440, the defendant would not be relieved from liability by the omission of the plaintiff to give notice to creditors who were not now complaining.   The persons to whom the purchaser is required to give notice are those whose names appear in the list in writing furnished by the seller on inquiry by the purchaser.   It is obvious that notice could not be given to one who was not known by the purchaser to be a creditor.   The intentional and wilful omission of the name of one of his creditors by the seller in answer to the purchaser's inquiry would make him liable to the penalties provided for in the second section of the statute, but such conduct would not subject the merchandise purchased to execution process at the instance of an undisclosed creditor.

The plaintiff's case should be submitted to the jury on his prima facie showing.   The judgment is reversed with a venire facias de novo.